FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
2012 AUG -8 PM 3:39
LORETTA G. WHYTE
CLERK

**THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

**LEROY D. SIMPSON, III** — **CIVIL ACTION NO.**

**VERSUS** — **JUDGE**

**SEWERAGE& WATER BOARD OF NEW ORLEANS** — **MAGISTRATE** 12-2038
SECT. F MAG. 1

**COMPLAINT**

**NOW INTO COURT,** through undersigned counsels, comes Plaintiff, Leroy D. Simpson, III, who is a person of full majority, domiciled in the State of Louisiana and who resides in a Parish within this Judicial District, who respectfully represents the following:

**NATURE OF THE ACTION**

This is an action bought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to provide relief to Leroy D. Simpson, III, who was adversely affected by such practices. The Plaintiff, Leroy D. Simpson, III, was subjected to sexual harassment, a sexually hostile work environment, and retaliation by the Defendant, Sewerage & Water Board of New Orleans for opposing such practices. Plaintiff, Leroy D. Simpson, III, was sexually harassed by his immediate Supervisor John Wilson between June 2010 and February of 2011. Plaintiff filed a grievance against his supervisor. John Wilson alleging the sexual harassment he had been subjected to. Following the filing of his grievance, Plaintiff was subjected to various forms of retaliation by the Defendant which culminated in the Plaintiff's constructive discharge in March of 2012, all of which will be described with more particularity in paragraph eleven below.

✓ Fee 350
✓ Process
X Dktd
CtRmDep
Doc. No.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1332. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.
2. This action is authorized and instituted pursuant to Sections 703 (a) 1 of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991.
3. The employment practices alleged to be unlawful were at all times committed in The United States District Court for the Eastern District of Louisiana.

## PARTIES

4. Plaintiff, Leroy D. Simpson, III, is a resident of Orleans Parish, Louisiana.
5. At all relevant times, Defendant has continuously been a domestic institution charged with the management of the sewerage and water system in the City of New Orleans, State of Louisiana and has continuously had at least 15 employees.
6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. Sections 2000e-(b), (g) and (h).
7. At all relevant times, all material facts occurred within the jurisdiction of this Court.

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Leroy D. Simpson, III, filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter referred to as EEOC) alleging violations of Title VII and retaliation, under EEOC Charge Number 461-2012-00005.

9. The Plaintiff was issued Right to Sue Letter by the EEOC dated May 11, 2012, and received on or about May 13, 2012.

10. All conditions precedent to the institution of this lawsuit has been fulfilled.

11. The Plaintiff, Leroy D. Simpson, III had been employed with the Defendant as a Management Development Specialist I in the Support Services Department beginning on January 28, 2009. From June 2010, through February 2011, the Plaintiff was subjected to sexual harassment and a sexually hostile work environment by his immediate supervisor, John Wilson, the Support Services Director. Mr. Wilson talked about his personal sexual experiences frequently; encouraged the Plaintiff "to seek him out" if plaintiff's wife didn't treat him right; attempted to grab Plaintiff on his buttocks during an employee Christmas party; frequently sat in a lewd position with his legs spread enough to conspicuously display his private area and licking his lips during one-on-one meetings in his office with the plaintiff with the door closed; and he told plaintiff how he had converted men in college to homosexuality in front of other employees. After enduring several months of these unwelcome remarks and gestures from Mr. Wilson, the Plaintiff went to the Defendant's EEOC office and filed a formal grievance of sexual harassment on February 7, 2011, requesting an immediate transfer from Mr. Wilson's supervision. On February 9, 2011, the Plaintiff received a visit from Deputy Director Miller who acknowledged having received the grievance, and asked Plaintiff why he had written the grievance. Deputy Director Miller also tried to coerce Plaintiff to acknowledge that he filed the grievance out of anger instead of the actual events. After the Plaintiff advised Director Miller, that he was tired of

being subjected to sexual harassment and constant verbal berating both in front of employees and one-on-one by his supervisor, John Wilson, Plaintiff was told that he was being moved to the finance and accounting department (an area Plaintiff had no experience or knowledge in) "temporarily" while the matter was being investigated. On February 15, 2011, the Plaintiff went to personnel to check on his promotion status, and learned that Mr. Wilson had gone to personnel and put a hold on the Plaintiff's promotion. Following the denial of his promotion, the Plaintiff was ordered to turn in the keys to his office, and his parking privileges were revoked. Mr. Wilson was even permitted to perform an employee evaluation of the Plaintiff following the filing of his formal grievance. After being placed in the finance and accounting department, Plaintiff was asked to perform functions that were contrary to his skill set and caused him great anguish. Following the filing of his formal grievance, the Plaintiff was moved a total of three times to various areas where none of his skill sets could be utilized, and into areas where Plaintiff had no hope of advancement. Additionally, Plaintiff was subjected to a heightened scrutiny of his work product during the moves to the different areas. Finally, after not receiving any formal response to his grievance, and enduring the transfers and assignments of "busy work", Plaintiff resigned from his position in March of 2012, to seek advancement opportunities elsewhere.

12. The unlawful employment practices complained of in paragraph 11 above were intentional.

13. The unlawful employment practices complained of in paragraph 11 above were done with malice or reckless indifference to the federally protected rights of Mr. Simpson.

14. The unlawful employment practices complained of herein have caused Mr. Simpson to suffer emotional pain and distress, loss of self esteem, economic injuries, including but not limited to lost wages, moving expenses, as well as pecuniary and non-pecuniary injuries.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Leroy D. Simpson, III, requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of a sexually hostile environment, sexual harassment, and retaliation.

B. Order Defendant Employer, its officers, successors, assigns, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individual, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer, its officers, successors, assigns, to make whole Plaintiff, Leroy D. Simpson, III, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful practices.

D. Order Defendant Employer, its officers, successors, assigns to make whole, Plaintiff, Leroy Simpson, III, by providing compensation for past and future

pecuniary losses resulting from the unlawful employment practices described in paragraph 11, including but not limited to medical expenses caused by the stress and anxiety Plaintiff suffered as result of the Defendant's actions, as well as moving expenses necessitated by Plaintiff having to seek work in another state.

E. Order Defendant Employer, its officers, successors, assigns, to make whole, Plaintiff, Leroy D. Simpson, III, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 11, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, lowered self esteem and humiliation, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper under the circumstances.

G. Award Plaintiff its cost of this action.

Respectfully submitted,

Lillian M. Thornton LSB#25525
48 Heritage Lane
New Orleans, LA 70114
(504) 263-2346
FAX (504) 486-8005

PLEASE SERVE: Hold Service
Brian A. Ferrara.
Deputy Special Counsel
Sewerage & Water Board of New Orleans
625 St. Joseph Street
New Orleans, LA 70165

**VERIFICATION**

BEFORE ME the undersigned authority, personally came and appeared

**LEROY D. SIMPSON, III**

who after being duly sworn, did depose and state that:

He has read the foregoing, and the facts contained herein are true and correct to best of his knowledge.

LEROY D. SIMPSON, III

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 24 DAY

OF July ,2012.

Lillian M. Thornton. -LSB # 25525
NOTARY PUBLIC